IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Richard T. WINTER, Attorney at Law.

Supreme Court

No. 83–1919–D. Filed October 1, 1984.
(Also reported in 355 N.W.2d 231.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee, the Hon. Rodney Lee Young, reserve judge, recommended that Attorney Richard T. Winter's license to practice law in Wisconsin be suspended for 60 days for his neglect of numerous probate matters. The referee also recommended that Attorney Winter be required to pay the costs of this disciplinary proceeding. We accept those recommendations.

Attorney Winter, who was admitted to practice law in Wisconsin in 1962 and practices in Antigo, was found to have unjustifiably delayed the probate of 18 estates in

which he acted as attorney. Each of those estates had been open for more than 18 months, and eight of them required only the filing of receipts and releases in order to be closed. In one of the estates, the decedent died in December of 1977, but the estate was not closed until June of 1982. During the district professional responsibility committee's investigation of the matter, Attorney Winter admitted that there had not been "suitable industry and effort on his part to maintain satisfactory communication with his client [the personal representative], and that he did not adequately advise her of the problems involved in bringing the estate to a conclusion."

Two of the estates had been the subject of a prior disciplinary investigation by the Board of Attorneys Professional Responsibility (Board), which resulted in a public reprimand issued to Attorney Winter by the Board with his consent on March 25, 1980. At that time, Attorney Winter was disciplined for neglect of probate matters, neglect to communicate with and keep his clients advised of the progress of the probate of the estates, and failure to promptly and fully respond to the Board's inquiries. In one of the estates the decedent died on August 29, 1975, and when the public reprimand was issued by the Board in 1980, Attorney Winter was warned that his continued failure to promptly and expeditiously close that estate could result in further disciplinary action. Nevertheless, the estate was not closed until the fall of 1981, resulting in the imposition of interest and penalties for the failure to timely file and pay federal and state taxes. Attorney Winter paid approximately $5,200 in interest and penalties. Further, Attorney Winter failed to communicate with his client concerning the status of the tax matters in the estate, as well as his own payment of the interest on the delinquent taxes.

The other estate which was a subject of the prior disciplinary investigation was commenced in December,

1977. Attorney Winter advised the Board during its investigation and again in 1982 that the estate would be closed in 60 days. However, the only activity in the estate since 1979 has been the obtaining of an order extending the time to close the estate to April 1, 1983. As of the date of the disciplinary hearing in this matter, the estate had not yet been closed.

The referee made specific findings that no complaint concerning Attorney Winter's conduct in these estate matters had been made by any personal representative, nor did any heir or other interested party complain. The referee also found that no one was damaged or suffered any financial loss as a result of the delays in these estates. He observed that Attorney Winter has a good reputation among the local bar association, the community and the court for promptness and cooperation.

The referee concluded that Attorney Winter's unexcused delays in handling the probate of these estates and his failure to adequately communicate with and inform his client in one of them as to problems involved in the probate over a period of more than four years constitute unprofessional conduct, in violation of SCR 20.32(3). Likewise, his failure to promptly and expeditiously close the estate for which he had been warned in 1980, his failure to communicate with and inform his client concerning the status of the tax matters in that estate, and his failure to complete the probate of the other estate, in disregard of the 1980 public reprimand, constitute unprofessional conduct, in violation of SCR 20.32(3).

In addition to recommending a 60-day suspension of Attorney Winter's license and the payment of costs of the disciplinary proceeding, the referee recommended that Attorney Winter be required to file with the Board administrator within 90 days of the date of the court's order proof that all estates in which he is the attorney of record and which have been open for more than 18

months have been closed or, alternatively, to provide a satisfactory explanation concerning each estate, stating the reasons why it could not or should not be closed timely. We adopt the findings and conclusions of the referee, and we accept his recommendations for discipline. In light of the fact that Attorney Winter had been previously disciplined for his neglect of probate matters and explicitly put on notice that his continued neglect of probate matters would result in further disciplinary action, a 60-day suspension of his license to practice law is appropriate discipline under the circumstances here.

IT IS ORDERED that the license of Richard T. Winter to practice law in Wisconsin is suspended for 60 days, commencing November 1, 1984.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard T. Winter pay to the Board of Attorneys Professional Responsibility the costs in this disciplinary proceeding in the amount of $3,111.57, provided that if the costs are not paid within the time specified, the license of Richard T. Winter to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that within 90 days of the date of this order Richard T. Winter file with the administrator of the Board of Attorneys Professional Responsibility satisfactory proof that all estates in which he is the attorney of record and which have been open for more than 18 months have been closed or, in the alternative, a satisfactory explanation concerning each estate, setting forth the reasons why it could not or should not be closed timely.