IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark E. CONVERSE, Attorney at Law.

Supreme Court

*No. 91-2566-D. Filed May 5, 1992.*

(Also reported in 482 N.W.2d 911.)

**PER CURIAM.** *Attorney disciplinary proceeding; attorney publicly reprimanded and conditions imposed on continued practice.*

We review the report of the referee recommending that Attorney Mark E. Converse be publicly reprimanded and be required to perform pro bono legal services as discipline for professional misconduct. That misconduct consisted of his failure to diligently pursue a client's criminal appeal and his failure to turn over the client's file to successor counsel, despite repeated requests to do so.

We determine that the recommended sanction for Attorney Converse's professional misconduct is appropriate. This is the second time he will have been disciplined for professional misconduct and, because of the circumstances of this case, a pro bono service requirement added to a public reprimand is appropriate discipline.

Attorney Converse was admitted to practice law in Wisconsin in 1973 and practices in Green Bay and Oconto. In 1985 he was publicly reprimanded by the Board of Attorneys Professional Responsibility (Board) for misconduct consisting of delaying for nearly two years the filing of a certified copy of a divorce judgment and for representing the interest of the former spouse of the client he represented in the divorce action in a post-judgment proceeding arising out of that action. The referee in this proceeding is the Honorable Timothy L. Vocke, reserve judge.

The parties stipulated to the facts and the referee made findings accordingly. On October 5, 1989, Attorney Converse's client was found guilty of first-degree sexual assault and was sentenced to seven years in prison. Soon thereafter, Attorney Converse filed motions for a new trial, judgment of acquittal notwithstanding the verdict and bail. He also filed a notice of intent to seek post-conviction relief. Subsequently, Attorney Converse was released from the case as the client's public defender.

On December 6, 1989, the client and his mother privately retained Attorney Converse to file an appeal from the conviction, for which they paid him a $2500 retainer. From that date until January 24, 1991, Attorney Converse failed to file an appeal or brief on his client's behalf, whereupon the client terminated his representation and asked for return of the retainer. In the course of the Board's investigation of this matter, Attor-

ney Converse acknowledged that he failed to perform the work for which he had been retained and that he had returned the retainer.

In May, 1991 an assistant state public defender was appointed to determine whether Attorney Converse's former client had meritorious grounds for post-conviction relief. That attorney asked Attorney Converse to provide him the court record concerning the client's trial and conviction. From May 20, 1991 until August 2, 1991 Attorney Converse failed to provide the assistant state public defender or his successor with the court record of the client's trial, despite four requests to do so.

The parties stipulated and the referee concluded that Attorney Converse violated SCR 20:1.3[1] by failing to diligently pursue his client's appeal and violated SCR 20:1.16(d)[2] by failing to turn over the client's record to successor counsel, despite repeated requests to do so.

In recommending discipline to be imposed for that misconduct, the referee considered a number of factors, including Attorney Converse's cooperation with the Board during its investigation of this matter and the fact that Attorney Converse now serves as family court commissioner, court commissioner and Director of Media-

---

[1]SCR 20:1.3 provides:

**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

tion Services for Oconto county. Responding to the Board's position that a 60-day license suspension would be appropriate discipline to be recommended, the referee stated his concern that a license suspension would require Attorney Converse's replacement as court commissioner and mediation services director in Oconto county, with a resulting adverse effect on the court system there. As an alternative, the referee recommended that a pro bono legal work requirement, with the number of hours to be determined by the court, be imposed together with a public reprimand.

We adopt the referee's findings of fact and conclusions of law, as well as his recommendation of discipline for Attorney Converse's professional misconduct.

IT IS ORDERED that Attorney Mark E. Converse is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within one year of the date of this order Mark E. Converse shall perform 200 hours of pro bono legal work, with prior approval of the Board of Attorneys Professional Responsibility, and shall certify to the Board of Attorneys Professional Responsibility his compliance with this condition.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark E. Converse pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark E. Converse to practice law in Wisconsin shall be suspended until further order of the court.

11