IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard T. WINTER, Attorney at Law.

Supreme Court

*No. 89-2283-D. Filed October 19, 1992.*

(Also reported in 490 N.W.2d 523.)

For Richard T. Winter, there were briefs by *Richard T. Winter,* Antigo.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney Richard T. Winter appealed from the referee's conclusions that he neglected three estates he was retained to probate and from the referee's recommendation that the court suspend his license to practice law for 120 days as discipline for that professional misconduct. The Board of Attorneys Professional Responsibility (Board) cross-appealed from the referee's conclusion that Attorney Winter did not make a misrepresentation in the affidavit he filed with the Board following a prior license suspension. The Board also cross-appealed from the referee's recommendation that each party bear its own costs incurred in this proceeding.

Adopting the referee's conclusions of law concerning Attorney Winter's handling of several estates and noting that this is the third time Attorney Winter will be disciplined for similar misconduct, we determine that the 120-day license suspension recommended by the referee is appropriate discipline to be imposed for his misconduct considered in this proceeding. It appears that prior discipline imposed on Attorney Winter was insufficient to impress upon him the need to conscientiously carry out his professional duties in representing clients who retained him to probate estates. Indeed, one of the matters considered in this proceeding had also been the subject of discipline imposed in a prior proceeding. The license suspension we impose here should be sufficient to deter Attorney Winter from engaging in similar misconduct in the future, should his license be reinstated.

Attorney Winter was licensed to practice law in Wisconsin in 1962 and practices in Antigo, where he also serves part-time as city attorney. In 1980, the Board publicly reprimanded him for neglect of two estates and in 1984 the court suspended his license for 60 days as

discipline for his having delayed the probate of 18 estates and his failure to communicate with his clients concerning the status of tax matters in those estates. *Disciplinary Proceedings Against Winter,* 120 Wis. 2d 371, 355 N.W.2d 231. The referee in this proceeding is the Honorable Timothy L. Vocke, reserve judge. The parties stipulated to and the referee made findings of the following facts.

In February, 1984 Attorney Winter was retained by a man whom he had represented in various matters to handle the probate of his son's estate. Soon thereafter Attorney Winter sent his client a letter informing him of the documents and records he needed to commence the probate. Two weeks later he obtained the appointment of the client as special administrator of the estate and told him of the filing requirements, the size of the estate subject to federal and state tax and the interest and penalties that would be assessed for late filing and payment of the taxes. Subsequently, the client corresponded with Attorney Winter's partner concerning additional information needed concerning the estate's assets.

In January, 1985 Attorney Winter sent his client a letter reminding him that a tender of state inheritance tax would have to be made within one year from the date of the son's death or interest would be added to any inheritance tax liability. The letter also stated that Attorney Winter was unable to determine the exact amount of inheritance tax due on the basis of information the client had previously submitted. Two weeks later Attorney Winter met with the client and with an estate planning consultant concerning the estate's assets and valuations and possible federal and state tax treatment of them.

A state inheritance tax tender in the amount of $32,000 was made on February 14, 1985. Thereafter,

Attorney Winter filed no additional documents in the probate court or with either the state or federal tax authorities regarding the estate. On August 20, 1986 another attorney telephoned Attorney Winter at the client's request and during that conversation Attorney Winter stated that he would complete the federal and estate tax returns within 30 days and would communicate directly with his client when they were completed. Those returns were not completed by September 19, 1986 and Attorney Winter did not contact his client by that time.

On October 27, 1987 the client filed a grievance with the Board concerning Attorney Winter's delay in the probate of his son's estate and asked that Attorney Winter turn the file over to another attorney for completion. When he received a copy of that grievance, Attorney Winter sent his file to the other attorney as requested, who then closed the special administration that Attorney Winter had begun and pursued informal administration of the estate. In the course thereof, he filed the federal estate tax return, showing a tax liability of over $29,000. The Internal Revenue Service assessed interest and penalties for late filing and payment totaling $29,500, which the client paid. Attorney Winter thereafter made a civil settlement with the client for the penalties and interests incurred but admitted no liability. Further, Attorney Winter charged the client no fees for his work in the estate matter.

In the course of this disciplinary proceeding, Attorney Winter contended that the delay in completion of this estate was due to his client's failure to timely and fully provide him necessary information. He testified that he did not start a formal probate proceeding because he continued to wait for his client to provide information needed to do so. Attorney Winter said he did not

press his client for the information because the client was emotionally upset at the death of his son.

The referee found that the client was partially responsible for the delay in proceeding with the estate matter but that it was Attorney Winter's obligation as an attorney to pursue it. The referee expressed his belief that if Attorney Winter believed he was not getting adequate cooperation from his client, he should have told him he did not wish to represent him any longer and suggest that he obtain other counsel. As a result of his failure to do so or to pursue the matter properly, this matter remained open for four years. The referee concluded that Attorney Winter neglected this estate, in violation of former SCR 20.32(3) and current SCR 20:1.3.[1]

In another matter, the Board's complaint had alleged that Attorney Winter neglected an estate and made a misrepresentation to the Board. At the disciplinary hearing, the Board moved to dismiss the allegation of neglect in this estate and the referee granted the motion.

In response to the Supreme Court's order suspending his license in 1984, Attorney Winter submitted a list of estates then pending more than 18 months but excluded this estate from that list. In a supplemental affidavit filed with the Board, he listed this estate among those purportedly awaiting final tax information for completion of the final account and final tax returns. The affidavit stated that the inventory in each of those estates had been filed but no general inventory had been filed in this estate. Attorney Winter testified that he did

---

[1]SCR 20:1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

not retain the original inventory, which his client initially had declined to sign, and on the basis of the copy he had in his file, he assumed the original had been signed and filed.

The referee found that Attorney Winter's listing of this estate in the supplemental affidavit as one in which the inventory had been filed was a misstatement resulting from his carelessness, not an intentional attempt to misrepresent the matter to the Board. Further, the referee found that the personal representative in this estate knew that Attorney Winter's license had been suspended for neglect of several estates, including this one. The referee concluded that Attorney Winter did not make a misrepresentation in violation of former SCR 20.04(4) and current SCR 20:8.4(c).[2]

Another of the estates considered in this proceeding was one of the estates Attorney Winter had neglected and for which he was disciplined in 1980 and again in 1984. Attorney Winter opened this estate on October 27, 1975 and as of May 30, 1990 no final account, state tax closing certificate or final judgment had been filed. There was little activity in the estate after 1984, when a petition was granted extending the time for closing it to February 28, 1985. As early as May, 1979, the probate court ordered the personal representative to show cause why he should not be discharged.

The referee found that a major problem with the estate had been the personal representative; nevertheless, virtually nothing was done by Attorney Winter for

---

[2]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

at least six years. The referee concluded that Attorney Winter neglected this estate, in violation of former SCR 20.32(3) and current SCR 20:1.3.

In another estate, Attorney Winter commenced informal administration on September 22, 1987. After the probate court issued an order to show cause, he filed the general inventory on March 16, 1989. Although the final account and state tax clearances were filed November 9, 1989, he did not file the personal representative's statement to close the estate until December 19, 1989, after the judge had written to him concerning the delay in concluding the matter.

Attorney Winter testified that this was a complex matter because one of the decedent's sons was retarded and receiving SSI and Social Security Disability. Because the SSI payments were threatened as a result of the amount the son was to receive from the estate, Attorney Winter was attempting to establish a trust for the son.

Because of the problem with the retarded beneficiary, the referee found that the 25 months Attorney Winter took to close the estate was not excessive. He concluded that Attorney Winter did not violate former SCR 20.32(3) and current SCR 20:1.3 in his handling of this estate.

In another estate, which Attorney Winter opened on October 27, 1987, the probate court issued an order to show cause concerning the delay in its administration. In response, Attorney Winter filed the general inventory on September 14, 1988. The order discharging the personal representative issued January 12, 1990, albeit three months beyond the extended time for the conclusion of the estate.

Attorney Winter testified that this estate was complex because it required the opening of five trusts and in

order to fund one of those trusts, a home had to be sold and the estate could not be closed until that sale occurred. The referee concluded that because of the complexity of the estate, the 25 months it took to complete it was reasonable and Attorney Winter did not violate former SCR 20.32(3) and current SCR 20:1.3 in his handling of it.

In another matter, Attorney Winter opened an estate December 12, 1987 but as of May 30, 1990, no final account or final judgment had been filed despite requests from the probate court for the prompt conclusion of the estate. Attorney Winter testified that the estate was not closed timely because of the inability to pay a monetary bequest, as the only remaining assets were specifically bequeathed.

The referee expressed his opinion that if Attorney Winter was having difficulty closing the estate, as an experienced probate attorney he should have filed a petition for an extension of time, which he did not do. The referee concluded that he neglected this estate, in violation of former SCR 20.32(3) and current SCR 20:1.3.

As discipline for his professional misconduct in three of these estates, the referee recommended that Attorney Winter's license to practice law be suspended for 120 days. The referee listed a number of aggravating and mitigating factors he took into account in making that recommendation and stressed that this is the third time Attorney Winter has been the subject of professional discipline for like misconduct. The referee suggested that the prior discipline failed to have the necessary deterrent effect on Attorney Winter in respect to his probate practice.

On the issue of costs, the referee recommended that Attorney Winter and the Board each bear its own costs in the proceeding. He based that recommendation on the

fact that the Board initially had alleged eight separate acts of misconduct, each of which Attorney Winter was required to defend. Ultimately, however, the Board dismissed its claims of neglect in two of the estates and the referee concluded that there was no rule violation in three of the others. Thus, the referee noted, the Board prevailed in only three of the original eight matters.

Attorney Winter's appeal from the referee's findings, conclusions and recommendations is based solely on the sufficiency of the evidence supporting the referee's conclusions that his conduct in three estates violated the rule proscribing an attorney's neglect of legal matters. He argued that the factual circumstances in each of those estates justified his delay. Contrary to his assertions, the referee's conclusions are adequately supported by the facts to which Attorney Winter had stipulated. Accordingly, we adopt those conclusions.

On the issue of discipline, Attorney Winter asserted that this proceeding should be considered without regard to any prior disciplinary proceedings against him. That contention is without merit, particularly in light of the fact that his misconduct in this proceeding was a repetition of the misconduct for which he had previously been disciplined.

In its cross-appeal, the Board first opposed the referee's conclusion that Attorney Winter did not make a misrepresentation concerning pending estates in the affidavit he filed with the Board following the prior license suspension. The Board argued that, because he knew his client had twice previously declined to sign an inventory, Attorney Winter's failure to make reasonable inquiry prior to filing the affidavit rendered the omission of that estate from the list set forth in the affidavit a misrepresentation.

We disagree. The record supports the referee's conclusion that Attorney Winter merely made an unwarranted assumption that the inventory in the estate had been filed. Under the circumstances, Attorney Winter had no clear duty to search the probate court file to verify the accuracy of what he reasonably believed.

The second issue in the Board's cross-appeal is the assessment of costs of this proceeding. We agree with the Board's position that the full amount of costs should be assessed against Attorney Winter. The Board contended that its allegations of neglect in the estates in which the referee concluded that Attorney Winter had not engaged in misconduct had been brought on the basis of documentary evidence contained in the probate files the Board investigated following Attorney Winter's license suspension in 1984. Further, we have declined in the past to prorate costs of a disciplinary proceeding in which the Board did not prevail on all counts of misconduct alleged in its complaint. *See, e.g., Disciplinary Proceedings Against Eisenberg,* 144 Wis. 2d 284, 314, 423 N.W.2d 867 (1988).

On the issue of costs, Attorney Winter objected to the Board's statement of costs on the grounds that it was not timely filed and was not in sufficient detail to determine those costs attributable to the matters the Board dismissed. We reject that objection. First, the statement of costs was filed within the time prescribed by SCR 22.20(2), that is, within 14 days of the date on which the appeal in this proceeding was assigned for submission on the court's calendar. Second, because we decline to apportion costs, the amount attributable to matters that were dismissed is immaterial. Furthermore, we note that, following the filing of his objection, the Board furnished Attorney Winter a detailed itemization of the

costs it incurred in this proceeding and Attorney Winter did not renew his objection.

Having determined to suspend his license to practice law, we now address Attorney Winter's argument that a license suspension, if imposed, be limited to his private practice of law and not prohibit him from continuing to serve as part-time city attorney for Antigo. Because that issue was raised for the first time in Attorney Winter's appeal, we remanded the matter to the referee for a recommendation on that issue. The referee recommended that the 120-day license suspension he had previously recommended as discipline not be limited to Attorney Winter's private practice of law. The referee opined that if the professional misconduct is sufficiently serious to warrant a license suspension, the suspension should be from the practice of law in all respects.

Attorney Winter appealed from that recommendation but made no persuasive argument in support of his position. In support of its position to the contrary, the Board cited a prior case in which the court suspended the license of an attorney who engaged in private practice at the same time he was employed as a full-time assistant district attorney. *Disciplinary Proceedings Against Kohl,* 158 Wis. 2d 444, 462 N.W.2d 667 (1990). The license suspension imposed there was not restricted to that attorney's private practice and we do not restrict the license suspension we order here.

The case cited by Attorney Winter in support of his position, *Disciplinary Proceedings Against Wheeler,* Case No. 79-522-D (unpublished order), December 21, 1979, is distinguishable. There, the court publicly reprimanded Attorney Wheeler for professional misconduct in his private practice of law, which he engaged in while he was employed by the state of Wisconsin as an attorney. In addition to the public reprimand, the court pro-

hibited Attorney Wheeler from engaging in the private practice of law until further order of the court and to turn over to other counsel or return to his clients the files relating to matters in which he was then representing private individuals. Unlike the instant case, the court did not impose a license suspension on Attorney Wheeler as discipline for his professional misconduct.

Also distinguishable is *Disciplinary Proceedings Against Converse,* 168 Wis. 2d 8, 482 N.W.2d 911 (1992), in which the court publicly reprimanded an attorney for professional misconduct for failing to diligently pursue a client's criminal appeal and his failure to turn over the client's file to successor counsel. Subsequent to that misconduct and at the time the public reprimand was imposed as a sanction for it, Attorney Converse was serving as family court commissioner, court commissioner and mediation services director for Oconto county. In addition to that public reprimand, the court ordered Attorney Converse to perform 200 hours of pro bono legal work. The referee in that proceeding had recommended a public reprimand and the pro bono legal work requirement as an alternative to a license suspension. The referee in the instant proceeding made no similar recommendation; rather, he recommended the 120-day license suspension we determine to be appropriate sanction for Attorney Winter's professional misconduct.

IT IS ORDERED that the license of Richard T. Winter to practice law in Wisconsin is suspended for a period of 120 days, commencing November 16, 1992.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard T. Winter pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that

87

time, the license of Richard T. Winter to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Richard T. Winter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.