IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark E. CONVERSE, Attorney at Law.

Supreme Court

*No. 94-0235-D. Filed June 29, 1994.*

(Also reported in 517 N.W.2d 191.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Mark E. Converse to practice law in Wisconsin be suspended for 60 days as discipline for his professional misconduct in failing to file timely federal and state income tax returns. We determine that the recommended license suspension is appropriate discipline to impose for that misconduct.

Attorney Converse was admitted to practice law in Wisconsin in 1973 and practices in Green Bay and Oconto. In 1985 he was publicly reprimanded by the Board of Attorneys Professional Responsibility (Board) for misconduct consisting of delaying for nearly two years the filing of a certified copy of a divorce judgment and for representing the interest of the former spouse of the client he represented in that action in a post-

judgment proceeding arising out of that action. In 1992, the court publicly reprimanded him and required him to perform pro bono legal services as discipline for failure to diligently pursue a client's criminal appeal and failure to turn over the client's file to successor counsel, despite repeated requests to do so. *Disciplinary Proceedings Against Converse,* 168 Wis. 2d 8, 482 N.W.2d 911.

The referee, the Honorable Timothy L. Vocke, reserve judge, made findings of fact consistent with the allegations of the Board's complaint, to which Attorney Converse stipulated. In September, 1993, Attorney Converse pleaded guilty to and was convicted of one count of wilfully failing to file a federal income tax return for 1988. The court placed Attorney Converse on two years' probation, fined him $2,000 and ordered him to perform 100 hours of community service work. A second count of his wilful failure to file an income tax return for 1989 was dismissed pursuant to a plea agreement but Attorney Converse stipulated in this proceeding that he intentionally failed to file that return until December 18, 1992. In addition to those two failures to file federal income tax returns, Attorney Converse failed to file timely his federal and state income tax returns for the years 1979 through 1987. The referee concluded that Attorney Converse thereby violated SCR 20:8.4(f).[1]

In determining discipline to recommend, the referee considered as aggravating factors that Attorney

---

[1] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

Converse's failure to file federal income tax returns for 1988 and 1989 until December, 1992 was intentional, that he twice previously has been disciplined for professional misconduct and that his failure to file tax returns in 1988 and 1989 occurred while the second of the prior disciplinary proceedings was pending.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension is appropriate discipline to impose for Attorney Converse's professional misconduct.

IT IS ORDERED that the license of Mark E. Converse to practice law in Wisconsin is suspended for a period of 60 days, commencing August 1, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order Mark E. Converse pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Mark E. Converse to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Mark E. Converse comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.