IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Richard T. WINTER, Attorney at Law.

Supreme Court

*No. 93–0071–D. Submitted on briefs September 9,
1994.—Decided October 12, 1994.*

(Also reported in 522 N.W.2d 504.)

For Richard T. Winter there were briefs by *Richard T. Winter,* Antigo.

For the Board of Attorneys Professional Responsibility there was a brief by *John B. McCarthy,* Counsel, Madison.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

Attorney Richard T. Winter appealed from the referee's conclusions that he violated the rules of attorney professional conduct by his delay in completing the probate of an estate. Attorney Winter argued that the referee had erred in striking his affirmative defense and in denying his request to dismiss the proceeding on the ground that the Board of Attorneys Professional Responsibility (Board) deliberately had refrained from including his conduct considered in this proceeding in a prior disciplinary proceeding that resulted in the suspension of his license to practice law for delay in probating three other estates.

We determine that the referee properly concluded that Attorney Winter's delay in the probate of the estate considered in this proceeding constituted professional misconduct and properly rejected Attorney Winter's affirmative defense and motion to dismiss the proceeding. We also determine that the 60-day license suspension recommended by the referee to be imposed for Attorney Winter's professional misconduct is appropriate, together with the condition recommended by the referee that Attorney Winter be required to file periodically with the Board a list of probate matters he has pending in any court and pertinent information concerning those matters.

Attorney Winter was licensed to practice law in Wisconsin in 1962 and practices in Antigo. He has been disciplined for similar misconduct three times previously: in 1980 the Board publicly reprimanded him for the neglect of two estates, in 1984 the court suspended his license for 60 days for having delayed the probate of 18 estates and failing to communicate with his clients concerning the status of tax matters in those estates,

*Disciplinary Proceedings Against Winter,* 120 Wis. 2d 371, 355 N.W.2d 231, and in 1992 the court suspended his license for 120 days for his neglect and delay in the probate of three estates, *Disciplinary Proceedings Against Winter,* 171 Wis. 2d 76, 490 N.W.2d 523.

The referee, the Honorable Timothy L. Vocke, reserve judge, who was also the referee in the 1992 proceeding, made findings based on Attorney Winter's responsive pleading to the Board's complaint. In March, 1988, Attorney Winter was retained to probate an estate in which the decedent's two sons were named co-personal representatives. Within seven months, Attorney Winter filed a petition for probate, proof of will, proof of heirship, a general inventory and a receipt and release from a creditor. However, when the estate was not closed within the statutory 18-month period, the circuit judge issued an order to show cause to Attorney Winter in March, 1990. Attorney Winter then sought and obtained a 60-day extension of time to conclude the estate but when he had not completed it within that time, the court issued a second order to show cause in February, 1991. Attorney Winter again obtained a 60-day extension of time to file tax returns, obtain tax clearances and close the estate. Despite a remainder from the register in probate, Attorney Winter failed to do so within the time provided. The hearing on the final account was held in July, 1992 and the order of discharge of the personal representatives was filed the following October. In all, the estate remained open for four and one-half years.

In his findings, the referee noted that while the estate assets were distributed well within the 18-month statutory period, one of the estate's two beneficiaries (who was also one of the personal representatives) was contacted by the Internal Reve-

nue Service in December, 1991 concerning a tax problem with the estate. The referee also observed that Attorney Winter failed to inform the court of the change of address of one of the co-personal representatives and himself used the old address in documents filed with the court.

At the disciplinary hearing, Attorney Winter attempted to place the blame for the delay in completion of the estate on the co-personal representatives, principally for their six-week delay in returning the final account and tax returns to him. The referee considered that delay insignificant compared to the total period that the estate was open. Also, the final account and petition for hearing Attorney Winter filed on January 14, 1992 purported to have been signed by both of the co-personal representatives before him as notary. In fact, however, those documents were not signed in Attorney Winter's presence.

In addition to concluding that Attorney Winter failed to act with reasonable diligence and promptness in the probate of the estate, in violation of SCR 20:1.3,[1] the referee concluded that Attorney Winter failed to keep his clients reasonably informed of the status of the probate and to comply promptly with their reasonable requests for information concerning it, in violation of SCR 20:1.4.[2] The latter conclusion is based on the

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

312

testimony of one of the co-personal representatives, who stated that he had made some 50 documented telephone calls to Attorney Winter's office between May, 1988 and March, 1990, and was told each time that Attorney Winter was out of the office, was with a client or was on another telephone call.

Attorney Winter did not respond to those calls or to the request of one of the co-personal representatives seeking information concerning the notice he had received from the IRS concerning a tax delinquency and asking whether Attorney Winter needed any documentation. The referee also found that Attorney Winter never informed his clients of the several orders to show cause the court had issued or the number of adjournments and extensions of time he had obtained from the court.

In his answer to the Board's complaint, Attorney Winter asserted as an affirmative defense that the clients' grievance in this matter was received by the Board more than three months prior to the date of the disciplinary hearing scheduled in the 1992 proceeding but the Board "improperly and maliciously held back [that grievance] . . . for the sole purpose of harassing and maliciously attempting to destroy [his] career and practice." The referee granted the Board's motion to strike that affirmative defense, having found that Attorney Winter had presented no testimony or other evidence to support his claim and that the Board's affidavit factually contradicted that claim. That affidavit stated that, while it had received the grievance in the estate which is the subject of this proceeding on April 6, 1990 and the hearing in the prior proceeding was to be

---

(b)   A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

313

held on July 9, 1990, the probate court had granted Attorney Winter's request for an extension of time to close the estate until July 15, 1990. Accordingly, the Board asserted, it would have been improper to include in the then pending disciplinary proceeding allegations that Attorney Winter had been delinquent in or neglectful of the estate still open.

The referee rejected Attorney Winter's argument that the Board could have asked that the July 9, 1990 disciplinary hearing be adjourned, noting that Attorney Winter had been notified twice by the Board of the receipt of the grievance in the open estate but did not himself move for an adjournment of the disciplinary hearing and consolidation of that grievance in the pending proceeding. The referee found as facts those set forth in the Board's affidavit and noted that, even without that affidavit, no facts presented by Attorney Winter could have supported a conclusion that the Board was engaged in an improper and malicious attempt to harass him and destroy his career and practice by holding back the additional grievance. The referee concluded that the procedure used by the Board in investigating that grievance was appropriate and the grievance was handled as expeditiously as possible. Accordingly, the referee denied Attorney Winter's request to dismiss this proceeding.

As discipline for Attorney Winter's professional misconduct determined in this proceeding, the referee recommended that his license to practice law in Wisconsin be suspended for 60 days. The referee specifically recommended that the suspension include Attorney Winter's work as part-time city attorney for Antigo. In making that recommendation, the referee asserted that Attorney Winter does not appear to understand that he has done anything wrong; rather,

he testified that he was hurt and angry by the filing of the grievance and apparently considers himself, not his clients, the wronged party.

In addition to noting that Attorney Winter has failed to take any responsibility for what occurred in the probate of the estate, the referee observed that his misconduct established in this proceeding is a continuation of a course of conduct Attorney Winter has pursued since 1980. The referee also pointed out, although he made no conclusions of law in this respect, that Attorney Winter ignored the first letter from the Board requesting a response to the clients' grievance and did not respond to an additional letter from the Board and to two letters from the professional responsibility committee investigator.

The referee found the following in mitigation of the severity of discipline to be imposed for Attorney Winter's misconduct: the conduct did not involve moral turpitude or dishonesty and, had this matter been included in the 1992 proceeding, his recommendation for discipline there, a 120-day suspension, would not have changed. As aggravating factors, the referee set forth the following: the three prior disciplinary actions against Attorney Winter involved the same type of misconduct, his misconduct in this proceeding occurred and continued while he was subject to a pending proceeding involving the same kind of misconduct, his untrue assertion to Board and district committee investigators that he had been in contact with one of the co-personal representatives on at least a monthly basis, his purporting to have notarized the clients' signatures on probate documents he subsequently filed, the "unconscionable" four and one-half year period during which the relatively simple estate case remained open, his "specious" claim that some of the clients' tele-

phone calls that went unanswered had been made when no one in his office answered the telephone, his failure to make any effort to contact his clients even after the grievance was filed, his repeated failure to complete the estate within the extended time periods he had obtained from the court, even though he had repeatedly stated that there was little remaining to be done in the estate, and his complete failure to acknowledge any responsibility for his misconduct, seeking rather to blame others.

In addition to the 60-day license suspension, the referee recommended that for an unspecified period following reinstatement of his license upon completion of the suspension, Attorney Winter be required to file with the Board every 90 days a list of all probate matters he has pending in any court, with the dates on which they were opened, a list of all of those matters that had been closed during the previous 90-day period and, in respect to those that were open more than 18 months, a satisfactory explanation why they remain open, together with an estimated time for them to be closed.

In his appeal, Attorney Winter merely reasserts the arguments that were rejected in the course of this proceeding. He presents nothing meritorious in support of his assertion that the Board improperly withheld the misconduct considered in this proceeding from the prior proceeding. Likewise without merit is his argument that he did not violate the rules of professional conduct because the personal representative with whom he dealt never indicated any serious concern about the delay in the completion of the probate until he filed a grievance with the Board and that, because almost all of the estate assets had been distributed and a contested claim settled within the first six

months of commencing probate, the delay in the remaining work did not constitute lack of diligence or neglect.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended 60-day license suspension is appropriate discipline to impose for Attorney Winter's professional misconduct. We also impose the reporting condition recommended by the referee with the modification that it be for a period of two years following reinstatement of Attorney Winter's license to practice law.

IT IS ORDERED that the license of Richard T. Winter to practice law in Wisconsin is suspended for a period of 60 days, commencing November 14, 1994.

IT IS FURTHER ORDERED that for a period of two years following reinstatement of his license to practice law Attorney Richard T. Winter comply with the reporting conditions recommended by the referee in his report in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Richard T. Winter pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Richard T. Winter to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Richard T. Winter comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.