IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark E. CONVERSE, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark E. CONVERSE, Respondent.

Supreme Court

*No. 03–1518–D.—Decided February 25, 2004.*

2004 WI 10

(Also reported in 675 N.W.2d 238.)

¶ 1. PER CURIAM. This case is before us pursuant to a stipulation between the parties, Attorney Mark E. Converse, and the Office of Lawyer Regulation (OLR). The stipulation recited that Attorney Converse filed an answer to the OLR's complaint in which he admitted every allegation contained therein. The stipulation further provided that Attorney Converse was willing to stipulate to entry of an order by the referee making findings of fact and conclusions of law for all of the disciplinary violations alleged in the complaint. Only the appropriate level of discipline for the violations remained in dispute. The referee, John E. Shannon, Jr., issued a report based upon the stipulation.

¶ 2. We accept the stipulation and the referee's report and determine that the seriousness of Attorney Converse's conduct warrants a 90–day suspension of his license to practice law in Wisconsin. We also deem it appropriate for Attorney Converse to pay the costs of this proceeding.

¶ 3. Attorney Converse was admitted to practice law in Wisconsin in 1973 and practices in Green Bay. In 1985 he consented to the imposition of a public reprimand for neglect of a client matter and representation in a conflict of interest situation. In 1992 he was again publicly reprimanded for failing to diligently pursue a client's criminal appeal and failing to turn over the client's file to new counsel. He was also ordered to perform 200 hours of pro bono legal work. *In re Disciplinary Proceedings Against Converse,* 168 Wis. 2d 8, 482 N.W.2d 911 (1992). In 1994 Attorney Converse's license was suspended for 60 days for failing to timely

file federal and state income tax returns. *In re Disciplinary Proceedings Against Converse,* 185 Wis. 2d 373, 517 N.W.2d 191 (1994).

¶ 4. In June 2003 the OLR filed a complaint alleging misconduct with respect to Attorney Converse's handling of two client matters. The first matter involved Attorney Converse's handling of a criminal appeal for a client who was convicted of child sexual assault and sentenced to six years in prison. The client filed his own notice of appeal and then hired Attorney Converse to file an appellate brief. The client paid Attorney Converse a $2000 retainer. It was agreed that Attorney Converse's fees would be $100 per hour plus costs. Attorney Converse told the client he had grounds for pursuing an appeal based on a claim of ineffective assistance of trial counsel.

¶ 5. The client's appellate brief was due January 12, 1998. The court of appeals issued a delinquency notice on January 28, 1998. On February 2, 1998, Attorney Converse requested and received an extension until March 10, 1998. On March 6 he requested an additional ten-day extension which was also granted. On March 20 he requested and received a third extension until March 30. Attorney Converse never filed a brief.

¶ 6. In mid-March 1998 the client asked Attorney Converse to also represent him in defending a ch. 980, Stats., petition seeking to have the client classified as a sexually violent person. The state filed its ch. 980, Stats., petition after the client had been granted parole but prior to his release from prison. The client continues to be held at the Wisconsin Resource Center in Winnebago, Wisconsin, under the ch. 980 case.

¶ 7. On April 23, 1998, the court of appeals dismissed the client's criminal appeal for failure to file a

brief. Attorney Converse continued to represent the client in the ch. 980 case until October 1999. The client said he telephoned Attorney Converse every 60 days to ask about the status of the brief, and Attorney Converse caused the client to believe he was still working on the brief. Attorney Converse sent the client two letters representing that he was still working on the appellate brief after the appeal had already been dismissed. Attorney Converse abandoned the appeal without the client's knowledge or consent. He never filed a motion to withdraw from the case, nor did he file a no merit report.

¶ 8. The client stopped telephoning Attorney Converse in October 1999 when he fired Attorney Converse from the ch. 980 case. The client says he never fired Attorney Converse from the criminal appeal. The client subsequently filed a petition for review in the criminal appeal alleging ineffective assistance of appellate counsel. This court remanded the matter to the court of appeals with instructions that it reinstate the original appeal and allow the client to obtain new appellate counsel.

¶ 9. The client filed a grievance against Attorney Converse. Attorney Converse initially failed to respond to letters from the OLR staff. He later provided inconsistent accounts to the OLR regarding the scope of his representation of the client.

¶ 10. The OLR's complaint also alleged that Attorney Converse engaged in misconduct with respect to his representation of a second client in two civil matters. One matter involved the client's claim that a person had converted funds belonging to him, and the second matter was a Worker's Compensation case. Attorney Converse told the second client his customary fee would be in the range of 20 to 25 percent of any

recovery. While Attorney Converse's fee in the Worker's Compensation matter was determined by statute, Attorney Converse did not reduce to writing a contingent fee agreement for the civil lawsuit.

¶ 11. The second client subsequently filed a grievance alleging dissatisfaction with Attorney Converse's representation in the conversion matter. Attorney Converse again failed to respond to the OLR's letters requesting a reply to the second client's grievance.

¶ 12. As noted above, Attorney Converse filed an answer admitting all of the allegations of the OLR's complaint. After the OLR and Attorney Converse entered into the stipulation discussed above, a hearing was held for the sole purpose of arguing the appropriate discipline for the violations. Attorney Converse argued that in lieu of a suspension consideration should be given to allowing him to perform community service. The OLR argued that a 90–day suspension was appropriate since this was the fourth instance in which Attorney Converse was being considered for discipline and lesser amounts of discipline imposed in the past did not appear to have deterred him from continuing to engage in professional misconduct.

¶ 13. In his report the referee found that the facts set forth in the OLR's complaint had been established by clear, satisfactory, and convincing evidence. The referee went on to conclude, as a matter of law, that Attorney Converse committed the following violations of the attorney disciplinary rules:

1. By failing to file an appellate brief for the first client in a criminal case pending before the Wisconsin Court of Appeals, after having been hired to do so, and allowing the time for filing a brief to expire, resulting in dismissal of the

appeal, Attorney Converse violated SCR 20:1.3.[1]

2. By making repeated assurances to the first client that he was working on an appellate brief from approximately June 1998 until October 1999 and by providing false explanations as to why the brief was not finished when, in fact, he was not working on the brief, Attorney Converse violated SCR 20:8.4(c).[2]

3. By failing to respond to letters from the OLR staff requesting information concerning an investigation into the grievance filed by the first client, Attorney Converse violated SCR 21.15(4),[3] SCR 22.03(2),[4] and

---

[1] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 21.15(4) provides:

(4) Every attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorney.

[4] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further

SCR 22.03(6).[5]

4. By failing to reduce a contingent fee agreement to writing in a matter in which Attorney Converse told the second client that he would charge between 20 to 25 percent of any recovery, Attorney Converse violated SCR 20:1.5(c).[6]

5. By failing to respond to letters from the OLR staff, as well as failing to respond to the personal service of the OLR's request that he respond, all requesting information concerning an investigation into the grievance filed by the second client, Attorney Converse violated SCR 21.15(4), SCR 22.03(2), and SCR 22.03(6).

investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's willful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[6] SCR 20:1.5(c) provides:

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

¶ 14. The referee concluded that a 90–day suspension of Attorney Converse's law license was appropriate. The referee noted that Attorney Converse's two public reprimands and his 60–day suspension had failed to deter him from committing additional misconduct. The referee said Attorney Converse's proposal that he be allowed to perform community service came too late and without any supporting evidence or other assurances that a workable and feasible plan could be put in place that would adequately protect the public.

¶ 15. We accept the stipulation of the parties and the referee's findings of fact and conclusions of law. Attorney Converse's misconduct represents a serious failure to comply with the specified Rules of Professional Conduct. We also conclude that a 90–day suspension of Attorney Converse's license to practice law in Wisconsin is appropriate discipline for his misconduct. In spite of the fact that he has received two public reprimands and had his license suspended for 60 days for unrelated matters, Attorney Converse has again engaged in unprofessional conduct. Merely requiring him to perform community service would depreciate the seriousness of these offenses.

¶ 16. IT IS ORDERED that the license of Attorney Mark E. Converse to practice law in Wisconsin is suspended for a period of 90 days commencing on March 31, 2004.

¶ 17. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Mark E. Converse shall pay $3332.29 to the OLR representing the costs of these proceedings. If these costs are not paid within the time specified, and absent a showing to this court of an inability to pay the costs within that time, the license of Attorney Converse to practice law shall be suspended indefinitely until further order of the court.

¶ 18. IT IS FURTHER ORDERED that Attorney Mark E. Converse comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 19. N. PATRICK CROOKS, J., did not participate.