In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark E. CONVERSE, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Mark E. CONVERSE,
Respondent.

Supreme Court

*No. 2006AP1560–D. Decided April 19, 2007.*

2007 WI 42

(Also reported in 730 N.W.2d 158.)

¶ 1. PER CURIAM. We review a referee's report and recommendation concluding that Attorney Mark E. Converse engaged in professional misconduct and recommending that his license to practice law in Wisconsin be suspended for a period of four months, effective February 23, 2007, so as to operate consecutively to the one-year suspension Attorney Converse was already serving.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We further determine that the seriousness of Attorney Converse's misconduct warrants the suspension of his license to practice law for an additional period of four months. We also agree with the referee that Attorney Converse should be required to make restitution to the client involved in this action and that the costs of the proceeding, which are $2569.76 as of December 14, 2006, should be assessed against him.

¶ 3. Attorney Converse was admitted to practice law in Wisconsin in 1973 and practiced in Green Bay. In 1985 he consented to the imposition of a public reprimand for neglect of a client matter and representation in a conflict of interest situation. In 1992 he was again publicly reprimanded for failing to diligently pursue a client's criminal appeal and failing to turn over the client's file to new counsel. He was also ordered to perform 200 hours of pro bono legal work. *See In re Disciplinary Proceedings Against Converse,* 168 Wis. 2d 8, 482 N.W.2d 911 (1992).

¶ 4. In 1994 Attorney Converse's license was suspended for 60 days for failing to timely file federal and state income tax returns. *See In re Disciplinary Pro-*

*ceedings Against Converse,* 185 Wis. 2d 373, 517 N.W.2d 191 (1994). In 2004 his license was suspended for 90 days for failing to act with reasonable diligence and promptness in representing a client; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; failing to cooperate with the Office of Lawyer Regulation (OLR) in its investigation into grievances filed by his clients; and failing to reduce a contingent fee agreement to writing. *See In re Disciplinary Proceedings Against Converse,* 2004 WI 10, 268 Wis. 2d 562, 675 N.W.2d 238. In 2006 his license was suspended for one year, effective February 23, 2006, for failing to diligently represent two clients and failing to provide them with information about their cases in spite of numerous requests that he do so. *See In re Disciplinary Proceedings Against Converse,* 2006 WI 4, 287 Wis. 2d 72, 707 N.W.2d 530.

¶ 5. On June 27, 2006, the OLR filed a complaint alleging five counts of misconduct with respect to Attorney Converse's handling of a criminal post-conviction matter. The complaint stated that in 1984 R.S. pled guilty to first-degree and second-degree murder in Brown County Circuit Court. R.S. was sentenced to prison. In May 2002 R.S. retained Attorney Converse to assist him in correcting errors in the presentence report and to obtain sentence relief. Attorney Converse performed 2.5 hours of work between May 23, 2002, and July 2, 2002. From July 2, 2002, until February 18, 2003, Attorney Converse's billing statement reflects that no work was completed in R.S.'s case.

¶ 6. R.S. filed a grievance against Attorney Converse in December of 2002. On January 28, 2003, an OLR intake investigator spoke with Attorney Converse about the matter. Attorney Converse said he owed R.S. a letter, that he had drafted certain motions, and that

he was awaiting R.S.'s approval. These statements were untrue. On February 18 and 19, 2003, Attorney Converse drafted a motion and sent it to R.S. The OLR's grievance inquiry was closed on April 24, 2003, after Attorney Converse contacted R.S. and after R.S. had decided not to pursue the grievance.

¶ 7. On July 9, 2003, the circuit court received the motion in R.S.'s case, which requested that the sentence be modified and errors in the presentence report be corrected. On August 11, 2003, R.S. sent information to Attorney Converse in support of the motion, much of which Attorney Converse forwarded to the circuit court on August 28, 2003.

¶ 8. On September 3, 2003, Attorney Converse signed and filed a supplemental motion seeking an order to strike the presentence report and asking that the matter be set for resentencing. A hearing was held on September 8, 2003. R.S. wrote to Attorney Converse on October 5 and October 12, 2003. The October 5 letter forwarded information R.S. thought would be helpful for the brief, relayed arguments that might be made, mentioned that R.S.'s mother had paid Attorney Converse's bill, and asked for a copy of the briefs being filed. R.S.'s October 12, 2003 letter, provided several case citations for the brief, again asked for copies of the briefs, indicated that Attorney Converse's bill was being paid, and expressed concern about the amount of fees being charged to handle the matter.

¶ 9. In two subsequent letters to Attorney Converse, one undated and one dated December 23, 2003, R.S. complained that he had not received copies of any briefs or other information about the case. On January 20, 2004, R.S. wrote to the clerk of court saying he had

heard nothing from Attorney Converse since September 25, 2003, and asking for information about the outcome of the motion.

¶ 10. On February 11, 2004, the OLR received R.S.'s letter asking to renew his grievance against Attorney Converse. On March 30, 2004, Attorney Converse wrote to R.S., apologizing for failing to send a copy of the court order, indicating a readiness to file motions to reopen and reconsider, and indicating he would be unable to work on the matter for three months.

¶ 11. On May 13, 2004, the OLR wrote to Attorney Converse, notifying him of R.S.'s misconduct allegations which were by then under formal investigation and requesting Attorney Converse's response. Attorney Converse failed to respond. On June 15, 2004, the OLR wrote to Attorney Converse, notifying him that his response to the grievance had not been received, informing him of the duty to cooperate, and requiring his response by June 25, 2004. Attorney Converse signed a certified mail receipt for the letter on June 16, 2004. Although Attorney Converse called the OLR on June 28, 2004, to say he would be providing his response the next day, he did not in fact provide a response.

¶ 12. The OLR moved this court for a temporary suspension of Attorney Converse's license based on his non-cooperation with the OLR's investigation. On September 1, 2004, this court temporarily suspended Attorney Converse's license to practice law in Wisconsin. On September 7, 2004, the OLR finally received Attorney Converse's response to the R.S. grievance. Attorney Converse's license was reinstated on September 9, 2004.

¶ 13. On September 8, 2004, the OLR wrote to Attorney Converse asking for supplemental information in the R.S. matter. Attorney Converse's response

was due September 22, 2004. He failed to respond. The OLR wrote to him again on September 30, 2004, informed him of his obligation to respond, and set a deadline for a response of October 11, 2004. Attorney Converse still failed to respond. On October 19, 2004, the OLR again moved this court for the temporary suspension of Attorney Converse's license based on his failure to provide the requested supplemental information in the R.S. case. An order to show cause was issued. Attorney Converse finally responded to the OLR on November 17, 2004. Upon notification from the OLR that a temporary suspension was no longer needed, the motion was dismissed. The OLR's complaint alleged the following counts of misconduct:

> COUNT ONE: By failing to timely seek sentence relief or pursue corrections to [R.S.]'s presentence investigation, Converse failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1]
>
> COUNT TWO: By failing to contact [R.S.] between July 2002 and February 2003, and between the fall of 2003 and March 30, 2004, and by failing to respond to [R.S.]'s reasonable requests for information, Converse failed to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a).[2]
>
> COUNT THREE: By stating to OLR's intake investigator on January 28, 2003, that he had drafted motions for [R.S.] and was waiting for [R.S.]'s approval, when he did not draft the motions until February 2003 and had

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

144

not as of January 28, 2003, provided information to [R.S.] for approval, Converse made a misrepresentation in a disclosure to OLR, in violation of SCR 22.03(6),[3] and SCR 20:8.4(f).[4]

COUNT FOUR: By failing to timely respond to OLR's May 13, 2004 and June 15, 2004, investigative letters, Converse failed to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCRs 22.03(2)[5] and 22.03(6).

COUNT FIVE: By failing to timely respond to OLR's requests for supplemental information of September 8, 2004 and September 30, 2004, Converse willfully failed to provide relevant information in an OLR grievance investigation, in violation of SCR 22.03(6).

¶ 14. Stanley F. Hack was appointed referee in the matter. On September 28, 2006, the OLR and Attorney

---

[3] SCR 22.03(6) states that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[4] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 22.03(2) states: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

Converse filed a stipulation whereby Attorney Converse agreed that each factual allegation in the OLR's complaint was accurate and admitted. Attorney Converse further admitted and stipulated to the commission of each of the five counts of misconduct. A sanction hearing was scheduled for October 27, 2006. R.S., who is incarcerated at Stanley Correctional Institution, filed a victim statement in advance of the hearing.

¶ 15. At the sanction hearing, the parties informed the referee that Attorney Converse had changed his position and no longer wished to contest the sanction being sought by the OLR's director, which was a four-month suspension of Attorney Converse's license, commencing February 23, 2007, such that the suspension period would run consecutive to the one-year suspension imposed in the most recent disciplinary proceeding. At the referee's request, each party articulated its position as to restitution. R.S. was contacted by telephone.

¶ 16. The referee issued his findings of fact, conclusions of law and recommendation for discipline on December 1, 2006. The referee made findings of fact consistent with the facts set forth in the OLR's complaint and the parties' stipulation. The referee further concluded that the OLR had met its burden of proving the five counts of misconduct set forth in its complaint and in the stipulation.

¶ 17. In discussing the appropriate discipline to impose for the misconduct, the referee noted that he must take into account the seriousness, nature and extent of the misconduct; the level of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct; the need to impress upon the attorney the seriousness of the misconduct; and the need to deter other attorneys from

committing similar misconduct. The referee also noted he may take into account the attorney's prior disciplinary history and this court's recognition of the concept of progressive discipline, as well as other aggravating or mitigating factors. Based on all of these considerations, the referee agreed that a four-month license suspension, commencing February 23, 2007, so as to operate as consecutive to the one-year suspension Attorney Converse was currently serving, was an appropriate level of discipline. The referee also agreed that Attorney Converse should pay the full costs of the proceeding.

¶ 18. The referee also concluded that, in addition to the four-month suspension and the imposition of costs, Attorney Converse should be ordered to return the fees paid by R.S. in the amount of $2825.99, without interest. The referee noted that although Attorney Converse did perform some limited work for R.S., he did not properly represent his client and because of R.S.'s incarceration, he was very limited in his ability to retain other counsel or otherwise proceed in the matter.

¶ 19. This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. *See In re Disciplinary Proceedings Against Eisenberg,* 2004 WI 14, ¶ 5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may also impose whatever sanction it sees fit regardless of the referee's recommendation. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. The referee's findings of fact in this case have not been shown to be clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law. We further agree with the referee's recommendation for a four-month suspension of Attorney Converse's license to practice law in Wisconsin, effec-

tive February 23, 2007. Finally, we agree with the referee's recommendation that Attorney Converse be required to pay the full costs of the proceeding and that he be required to make restitution to R.S.

¶ 20. IT IS ORDERED that the license of Mark E. Converse to practice law in Wisconsin is suspended for a period of four months, effective February 23, 2007.

¶ 21. IT IS FURTHER ORDERED that within 60 days of the date of this order, Mark E. Converse make restitution to R.S. in the amount of $2825.99.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Mark E. Converse pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 23. IT IS FURTHER ORDERED that if the restitution and costs ordered above are not paid within the time specified and absent a showing to this court of his inability to pay the restitution and/or costs within that time, the license of Mark E. Converse to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 24. N. PATRICK CROOKS, J., did not participate.